[No. 10934.  Department Two.  February 28, 1913.]

LILLIAN MOORE, *Respondent*, v. K. MIYANAGA *et al.*, *Appellants.*[1]

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered November 9, 1912, upon findings in favor of the plaintiff, in an action for injuries sustained in a fall through a trapdoor in a store, after a trial to the court.  Affirmed.

*Walter A. Keene*, for appellants.

*Daniel Landon* and *J. G. Raley*, for respondent.

PER CURIAM.—This is an action for personal injuries.  The cause was tried to the court without a jury, and findings of fact were made as follows:

"(1)  That the defendants, K. Miyanaga, S. Takahashi and K. Nakanishi, are now and at all times herein mentioned were partners doing business under the firm name and style of Rose Grocery Co.

"(2)  That on or about the 15th day of March, 1912, the plaintiff was injured in the store of the defendants at 1000 Howell St., in the city of Seattle, Washington, through the negligent and careless acts of the defendants and their servants and agents in maintaining and leaving open an unguarded trapdoor in the floor of said store, thereby causing the plaintiff to fall through said open space, through no negligence or carelessness on her part, and sprain her left ankle and strain and injure the ligaments therein; that said injury caused as aforesaid caused the plaintiff much physical and mental pain and suffering and was a severe shock to her nervous system.

"(3)  That on account of the injuries received as aforesaid plaintiff has been obliged to expend the sum of $15 for doctor's bills and has been further damaged on account of the physical pain and suffering and mental anguish caused by the injuries aforesaid amounting in all, including the physicians' services, to the sum of seventy-five ($75) dollars."

Motion for a new trial being made and overruled, judgment was entered in favor of the plaintiff.  The defendants appeal.

From a reading of the transcript of the evidence as contained in the statement of facts, we are unable to say that the findings of the superior court are not sustained by the weight of the testimony.

The judgment will therefore be affirmed.

[1]Reported in 131 Pac. 1199.